UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANETTA WRIGHT,

     Plaintiff(s),

v.

FREDERICK J. COLEMAN (P56548), ET AL.,

     Defendant(s).
                                  /

Case No. 05-71919

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER [4]**

This matter came before the Court on Plaintiff's motion for a temporary restraining order. For the reasons that follow, the motion is **DENIED**.

Plaintiff's complaint alleges that she was, pursuant to settlement terms of a prior class action, to pay interest on real property to Defendant Select Portfolio who, in turn, was to send her interest payments to an undisclosed third party. Plaintiff complains that this agreement violates Michigan's statute of frauds, Michigan's uniform commercial code, and that Defendants' have breached the settlement agreement and not properly handled her interest payments made to Defendants. Plaintiff further alleges that she has title to certain real property that Defendants have failed to acknowledge.

The Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. In her answer, Plaintiff contends that jurisdiction is proper because (a) she has a "land patent" (b) Defendants violated Truth in Lending Act

laws and (c) Defendants breached a settlement agreement (which arose from a case brought by the United States and Defendants' customers in federal court).

Plaintiff then filed a temporary restraining order to prevent eviction by the order of a Michigan state court judge. She claims the eviction order was wrongful because she has a "land patent" recorded in her name.

The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction or a temporary restraining order:

> These factors are (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Summit County Democratic Central & Executive Committee v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004)(quotation and citations omitted).

In this case, however, it appears that Plaintiff is attempting to collaterally attack a state court judgment. This is not permitted under the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine prohibits federal courts below the United States Supreme Court from exercising appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are "inextricably intertwined" with issues decided in state court proceedings. [The Sixth Circuit] has held that a federal claim is "inextricably intertwined" with a state-court judgment and thus implicates *Rooker-Feldman* when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005)(quotations and citations omitted). Thus, Plaintiff's temporary restraining order is not proper and is therefore **DENIED**.

SO ORDRED.

                <u>s/NANCY G. EDMUNDS</u>
                Nancy G. Edmunds
                United States District Judge

Dated: May 26, 2005